# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RIVAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JIM COOK, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01484-DAD-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 1) |

Daniel Rivas ("Plaintiff"), a state prisoner, is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On November 2, 2020, the Court granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 7.) Currently before the Court for screening is Plaintiff's complaint, in addition to Plaintiff's motion to appoint counsel. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names Jim Cook as a Defendant, proffering he is a "Premier Cellular Mapping & Analysis Expert." (Compl. 2, ECF No. 1.) Plaintiff also names Christopher Walsh as a Defendant, proffering he is the District Attorney of Fresno County. (Id.)

Plaintiff's first cause of action is brought as a violation of his right to due process, and he lists the 4th, 6th, and 14th Amendments to the U.S. Constitution. (Compl. 3.) More specifically,

Plaintiff's claim is that he was falsely incarcerated, and the Court reproduces the proffered facts verbatim here:

> Jim Cook deliberately falsified documents as per D.A. Christopher Walsh['s] direct orders to incriminate me into these crimes which I had no part of. My legal papers show Jim Cook[']s statements where he admits the D.A. had him falsify the documents plus Jim Cook has priors of doing this to other people. In People of the State of California v. Frank Carson, et seq. Stanislaus Co. Superior Court Case # 1490969[,] and People v. Zumot Santa Clara County Superior Court Case # BB943863[,] you'll find out how he deliberately did harm to other people and had them falsely convicted due to his misconduct. Jim Cook and D.A. Christopher Walsh have been working together for many years and continue to use misconduct and falsify documents and do give false testimony in Courtrooms to deliberately put innocent people in jail. They need to be stopped.

(Compl. 3.)

These are the only facts put forth by Plaintiff in support of his claim in the body of the complaint. However, in addition to a motion for appointment of counsel, Plaintiff attaches twenty-eight (28) pages of documents as exhibits to the complaint. (ECF No. 1 at 7-34.) The Court is not obligated to sift through such documents attached to the complaint in an attempt to gather the facts underlying Plaintiff's claims. Nonetheless, given Plaintiff's *pro se* status, the Court has taken the liberty of examining the documents attached to see if they have any relevance to potential claims that Plaintiff is attempting to bring. As stated below, if Plaintiff chooses to file an amended complaint, the Court will not review any portion of a filed complaint that exceeds twenty-five (25) pages, and the Court will not review more than ten (10) pages of attached exhibits. The Court will now summarize the attached documents.

First, Plaintiff attaches what appears to be an excerpt of an expert report prepared by Defendant Jim Cook, apparently submitted in Plaintiff's criminal state action, People v. Daniel Rivas, et al., Fresno County Superior Court Case No. F10902527. (ECF No. 1 at 8-9.) The information relates to expert testimony regarding cell phone activity in relation to the criminal case. (Id.) It appears Plaintiff may have underlined and highlighted some of the information to emphasize to the Court. (Id.)

Plaintiff attaches what appears to be a section of the state court trial transcript pertaining to testimony given by Defendant Jim Cook. (ECF No. 1 at 10-12, 19-29.) Some of the testimony pertaining to certain telephone calls appears to be underlined or highlighted by

1  Plaintiff.  (Id.)  It appears the line of questioning by counsel is directed at Jim Cook's method of
2  identifying the phone calls and information received from the district attorney's office pertaining
3  to the phone numbers.  (Id.)

4  Plaintiff attaches what appears to be a spreadsheet report pertaining to cell phone records.
5  (ECF No. 1 at 13-15.)  Plaintiff also attaches an email between two detectives not named in this
6  lawsuit, pertaining to the spreadsheets and its use in relation to search warrants, in addition to a
7  one page "attachment" for a search warrant, and a crime scene photo.  (ECF No. 1 at 16-18.)

8  Plaintiff attaches a copy of a news article pertaining to the criminal case referred to
9  above, concerning a defendant named Bulos Zurmot, and the article specifies that Bulos Zumot's
10 attorney questioned Jim Cook's sources of cellular data information used in spreadsheets
11 presented at trial.  (ECF No. 1 at 30.)  The article is entitled "Zumot's Attorney rips into expert's
12 cell data."  (Id.)  Plaintiff attaches what appears to be another newspaper article or website blog
13 post, dated June 28, 2016, entitled "Cell Phone Expert Not Following Guidelines."  (ECF No. 1
14 at 32.)  It appears Plaintiff underlined the sentence stating Jim Cook is a "self-proclaimed cell
15 phone expert."  (Id.)  The article details testimony at an unrelated trial, the attorney's questioning
16 that attacks the expert's methodology, and the author's skepticism of Jim Cook's methodology of
17 cell phone analysis.  (Id. at 32-34.)

18 By way of injury, Plaintiff states that due to false evidence presented by Jim Cook,
19 Plaintiff has spent ten years in prison for a crime he did not commit.  (Compl. 3.)  Plaintiff is
20 seeking $10,000,000.00 in damages, was well as injunctive relief.  (Compl. 6.)  Plaintiff also
21 requests that Jim Cook's license be revoked and for him to lose his business so he can no longer
22 harm innocent people, and also requests for Defendant Christopher Walsh's attorney license be
23 revoked for misconduct.  (Compl. 6.)

**III.**

**DISCUSSION**

26 The Court has identified numerous issues with Plaintiff's complaint as filed.  Given
27 Plaintiff's *pro se* status, the Court shall outline the applicable legal standards and grant Plaintiff
28 leave to file an amended complaint which addresses the deficiencies discussed below.

### A.     Federal Rule of Civil Procedure 8

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss, 572 F.3d at 969. Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted). The pleadings of *pro se* prisoners are construed liberally and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiffs main allegation amounts to no more than a generalized conclusion that Defendants violated his rights, unsupported by specific facts. The only specific factual allegation pertaining to Plaintiff's claim is that "Jim Cook deliberately falsified documents as per D.A. Christopher Walsh[']s direct orders to incriminate me into these crimes which I had no part of [and] legal papers show Jim Cook[']s statements where he admits the D.A. had him falsify the documents." (Compl. 3.) These conclusory statements, insufficiently supported by factual details, do not suffice to state any claim against Defendants Jim Cook or Christopher Walsh. Plaintiff attaches numerous documents pertaining to his trial, as well as some media articles, that the Court has reviewed, but the documents do not provide any facts that would support or construct a claim of false imprisonment nor support an allegation that Jim Cook deliberately falsified documents, nor that District Attorney Christopher Walsh directed Jim Cook to falsify documents or falsely present testimony.

As currently pled, Plaintiff's complaint does not contain enough factual details to permit

the Court to draw the reasonable inference that any named Defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 678. For these reasons, Plaintiff's complaint fails to comply with Rule 8's pleading standard.

### B. Habeas Corpus

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486-487 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997).

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that in order to recover damages for alleged "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486. Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action

would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82.

Plaintiff is alleging that he was prosecuted for a crime based on evidence fabricated by an expert, and purposely obtained by the prosecuting attorney. If Plaintiff has not had his sentence declared invalid, or if Plaintiff is challenging any part of his sentence that has not been declared invalid, the proper avenue to seek relief is by way of habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Accordingly, to the extent Plaintiff wishes to challenge the fact or duration of his probation or confinement which has not been declared invalid by the state court, he must file a habeas corpus petition.

### C.     Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223. This Court will not interfere in any on-going criminal proceedings currently pending against Plaintiff in state court. To the extent that Plaintiff's criminal proceedings are ongoing, whether on appeal or otherwise, he must clearly explain such in his complaint, and such ongoing proceedings would bar the Court from granting any declaratory or injunctive relief.

### D.     Prosecutorial Immunity

Judges and prosecutors are immune from liability under § 1983 when they are functioning in their official capacities under proper jurisdiction. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th

7

Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075-77 (9th Cir.1986) (noting that judges are generally immune from § 1983 claims except when acting in "clear absence of all jurisdiction . . . or performs an act that is not 'judicial' in nature," and prosecutors are generally immune unless acting without "authority") (internal citations omitted); Walters v. Mason, No. 215CV0822KJMCMKP, 2017 WL 6344319, at *2 (E.D. Cal. Dec. 12, 2017) (same); Forte v. Merced Cty., No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13 (E.D. Cal. Jan. 13, 2016) ("prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state"), report and recommendation adopted, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016). Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431). This immunity extends to actions during both the pre-trial and posttrial phases of a case. See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984).

Thus, to the extent Plaintiff is seeking relief against District Attorney Christopher Walsh, for actions taken in an official capacity, such claims would be barred, unless the claim satisfies the standards explained in the following section regarding malicious prosecution.

### E. Malicious Prosecution

"In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.' " Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)); see also Usher v. City of Los Angeles, 828 F.2d 556, 562 (9th Cir. 1987) ("In California, the elements of malicious prosecution are (1) the initiation of criminal prosecution, (2) malicious motivation, and (3) lack of probable cause.") (citations omitted). In the Ninth Circuit, "the general rule is that a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy," however, "an exception exists to the general rule when a

1  malicious prosecution is conducted with the intent to deprive a person of equal protection of the
2  laws or is otherwise intended to subject a person to a denial of constitutional rights." Usher, 828
3  F.2d at 56-62 (citations omitted).

"An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence." Awabdy, 368 F.3d at 1068. In this regard, "a dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant," and "[w]hen such a dismissal is procured as the result of a motion by the prosecutor and there are allegations that the prior proceedings were instituted as the result of fraudulent conduct, a malicious prosecution plaintiff is not precluded from maintaining his action unless the defendants can establish that the charges were withdrawn on the basis of a compromise among the parties or for a cause that was not inconsistent with his guilt." Id.

Plaintiff has not put forth facts to establish a claim for malicious prosecution.

### F. Falsification of the Expert Evidence

Plaintiff is alleging that he was prosecuted for a crime based on evidence fabricated by an expert, and purposely obtained by the prosecuting attorney.

Individuals have a constitutional due process right "not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc). To establish such a due process violation, a plaintiff must, at a minimum, allege either (1) that government officials continued their investigation "despite the fact that they knew or should have known that [Plaintiff] was innocent;" or (2) "used investigative techniques that were so coercive and abusive that [they] knew or should have known those techniques would yield false information." Cunningham v. Perez, 345 F.3d 802, 811 (9th Cir. 2003) (quoting Devereaux, 263 F.3d at 1076).

Plaintiff's bare allegation is not sufficient to establish a claim and does not satisfy the requirements of Federal Rule of Civil Procedure 8 as described above.

///

**G.     Defendant Jim Cook is a Non-State Actor**

Plaintiff names Jim Cook as a Defendant, who appears to be a private expert retained by the government prosecution.

By the express terms of the statute, Section 1983 provides a cause of action for conduct by state actors that violates an individual's constitutional rights.  42 U.S.C. § 1983.  However, non-state actors may be liable under Section 1983 when they have conspired or acted in concert with state actors to deprive a person of his civil rights.  See Adickes v. S. H. Kress & Co., 398 U.S. 144, 152 (1970).  To "prove a conspiracy between the police and [the non-state actor] under § 1983, [Plaintiff] must show 'an agreement or meeting of the minds to violate constitutional rights.' "  Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir.1989)).  "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy."  Id.

Plaintiff's bare allegations fail to provide sufficient facts to establish a claim that Jim Cook was a member of any alleged conspiracy or that he acted in concert with the state actors. See Steel v. City of San Diego, 726 F. Supp. 2d 1172, 1184 (S.D. Cal. 2010); Kim, No. 17-CV-02563-JST, 2018 WL 500269, at *4–5 ("Plaintiffs' complaint alleges only that Schenck participated in the actions described in the complaint, without describing the nature of his or PHS' relationship to any of the government defendants [which is] insufficient to state Section 1983 claims against Schenck or PHS. Plaintiffs' claims against these defendants are dismissed without prejudice.")  Nor has Plaintiff demonstrated that there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself," or that American Ambulance is "controlled by a state agency," was "delegated a public function by the State," that it is "entwined with governmental policies," or that the government is entwined in its "management or control."  Hankins v. Superior Court of California, No. 1:12-CV-01740-LJO, 2014 WL 584311, at *7–8 (E.D. Cal. Feb. 12, 2014) (quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n., 531 U.S. 288, 295 (2001)).

For these reasons and those discussed relating to the standards under Rule 8 above,

Plaintiff has failed to state any claim against Defendant Jim Cook.

### H. Attached Exhibits and Page Limit

Plaintiff's complaint exceeds thirty (30) pages, including attached exhibits. Plaintiff makes no reference to the exhibits in the body of the complaint, and fails to direct the Court to any specific document or facts contained in the documents that support any allegations.

The Court is not required to sift through excessively lengthy filings to determine Plaintiff's causes of action. If Plaintiff chooses to file an amended complaint, it must include concise but complete factual allegations describing the conduct and events which underlie any claims. Any exhibits should be specifically referenced in Plaintiff's allegations in the main part of the filed complaint.

In this regard, Plaintiff's first amended complaint will be subject to a twenty-five (25) page limit, including up to fifteen (15) pages for the pleading and up to ten (10) pages for exhibits. Any part of a filed amended complaint beyond the twenty-five (25) page limit shall be disregarded and stricken as violative of this Court's order.

### I. Motion to Appoint Counsel

Along with the complaint, Plaintiff attached a one page motion to appoint counsel. (ECF No. 1 at 7.) Through the filing, Plaintiff declares that he is indigent and unable to afford counsel, and requests counsel so that his interests are protected through professional assistance. (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted)

(first alteration in original). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. See id.

The Court has considered Plaintiff's request for appointed counsel but does not find the required exceptional circumstances. In screening the complaint, the Court finds that Plaintiff's claims do not appear to present novel or complex issues of substantive law. Although Plaintiff fails to provide sufficient factual allegations, he was able to clearly articulate his allegations, and has compiled and attached exhibits to the complaint. Plaintiff has to date demonstrated reasonable writing ability and legal knowledge. Finally, as currently presented, Plaintiff does not have a likelihood of success on the merits for the reasons discussed in this order.

Accordingly, Court finds that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). While a *pro se* litigant may be better served with the assistance of counsel, so long as a *pro se* litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that *pro se* prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")

### IV.

### CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."

Twombly, 550 U.S. at 555 (citations omitted).

Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927. Absent court approval, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel is DENIED without prejudice;
2. The Clerk's office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;
4. The first amended complaint, including attachments, shall be no more than twenty-five (25) pages; and
5. If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the District Judge that this action be dismissed for failure to prosecute, failure to obey a court order, and failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 19, 2020**

UNITED STATES MAGISTRATE JUDGE