# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RIVAS,<br><br>  Plaintiff,<br><br> v.<br><br>JIM COOK, et al.,<br><br>  Defendants. | Case No. 1:20-cv-01484-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(ECF No. 12)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Daniel Rivas ("Plaintiff"), a state prisoner, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On November 19, 2020, a screening order issued finding that the complaint failed to state a cognizable claim and Plaintiff was granted leave to file a first amended complaint. (ECF No. 9.) After receiving an extension of time, Plaintiff filed a first amended complaint on December 28, 2020. (ECF No. 12.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff brings this action against Jim Cook, who testified at his criminal trial as an expert, and Christopher Walsh, the district attorney who prosecuted his case. (First Amended Compl. ("FAC") 2-3, ECF No. 12.) Plaintiff is seeking monetary damages and injunctive relief alleging violations of the Fourth, Sixth, and Fourteenth Amendments. (Id. at 3.)

2

1    During February and March of 2010, a group of individuals came to California from Arizona and committed five home invasions. (Id.) Four of the crimes involved Indian Punjabi families. (Id.) In May 2010, the Fresno Police Department obtained a search warrant to search Plaintiff's property. (Id.) According to the search warrant, Plaintiff was calling a phone number during the crimes and one of the victims identified Plaintiff as being inside her home. (Id. at 3-4.)

Plaintiff was arrested in May of 2010. (Id. at 4.) Detective Pavelsky from Merced asked Plaintiff about Jairo Antonio Landeros who is the brother of one of the co-defendants in the criminal case. (Id.) Plaintiff told Detective Pavelsky that he did not know who that person was. (Id.) Detective Pavelsky told Plaintiff that if he did not know who Jairo Landeros was that Plaintiff would be charged in his place. (Id.) Jairo Landeros had been arrested twice before by Detective Pavelsky for similar crimes. (Id.)

At trial, Defendant Walsh tried to connect Plaintiff with Estevan Landeros who was from Arizona and is Jairo Landeros' brother by using the cell phone information. (Id. at 4.) Defendant Cook, who testified at trial as a cell phone expert, used more than 500 maps that were shown to the jury which convicted Plaintiff. (Id. at 4.) One of the maps showed the dates that the crimes occurred and there was an email from a detective that stated that there was no log and the number started receiving service in April 2010 so it was impossible for Plaintiff to be calling a number that did not exist in February and March of 2010. (Id.)

At trial Detective Dustin Dodd stated, "that nobody ever said he went into the house." (Id.) Plaintiff argues that Defendant Cook falsely testified and created maps that showed him calling the phone number that never existed in February and March of 2010. (Id.)

Plaintiff argues that he was falsely convicted at trial and seeks monetary damages, to have Defendant Cook and Walsh's licenses revoked and for Defendant Cook to lose his business. For the reasons discussed below, Plaintiff has failed to state a claim under section 1983 and the Court recommends that this action be dismissed without leave to amend.

///

///

3

# III.

# DISCUSSION

### A. Habeas Corpus

Here, Plaintiff is challenging his conviction and the claims must be raised in habeas corpus. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad, 540 U.S. at 750 (internal citation omitted). It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486-487 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997).

In Heck, the Supreme Court held that in order to recover damages for alleged "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486. Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action

would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82.

Here, Plaintiff's claims would necessarily demonstrate the invalidity of his conviction and are therefore barred by Heck. The gravamen of Plaintiff's complaint is that he was convicted based on fabricated evidence.[1] A fabricated-evidence claim cannot be brought under § 1983 prior to favorable termination of the prosecution. McDonough v. Smith, 139 S. Ct. 2149, 2156 (2019). "The proper approach in our federal system generally is for a criminal defendant who believes that the criminal proceedings against him rest on knowingly fabricated evidence to defend himself at trial and, if necessary, then to attack any resulting conviction through collateral review proceedings." McDonough, 139 S. Ct. at 2159.

Plaintiff also contends that the search warrant violated the Fourth Amendment, but the Ninth Circuit has held that a challenge to the search warrant is a challenge to the conviction which is barred by Heck. Szajer v. City of Los Angeles, 632 F.3d 607, 611 (9th Cir. 2011). Plaintiff does not allege that his criminal conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, the proper avenue to seek relief is by way of habeas corpus petition filed pursuant to 28 U.S.C. § 2254. To challenge the fact or duration of his probation or confinement which has not been declared invalid by the state court, Plaintiff must file a habeas corpus petition.

**B.      Prosecutorial Immunity**

Plaintiff brings this action against Defendant Walsh who prosecuted him in the underlying criminal case. Judges and prosecutors are immune from liability under § 1983 when they are functioning in their official capacities under proper jurisdiction. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in

---

[1] Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).The Court takes judicial notice of The State of California v. Daniel Mendoza Rivas, Case No. F10902527 (Fresno Sup. Ct.). The jury returned a guilty verdict on seventeen counts on June 22, 2012. (Id.)

5

their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075-77 (9th Cir.1986) (noting that judges are generally immune from § 1983 claims except when acting in "clear absence of all jurisdiction . . . or performs an act that is not 'judicial' in nature," and prosecutors are generally immune unless acting without "authority") (internal citations omitted); Walters v. Mason, No. 215CV0822KJMCMKP, 2017 WL 6344319, at *2 (E.D. Cal. Dec. 12, 2017) (same); Forte v. Merced Cty., No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13 (E.D. Cal. Jan. 13, 2016) ("prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state"), report and recommendation adopted, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016). Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431). This immunity extends to actions during both the pre-trial and posttrial phases of a case. See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984).

Plaintiff's claims in this action against District Attorney Christopher Walsh are for actions taken in his official capacity in prosecuting Plaintiff during the criminal case, and the Court finds that Defendant Walsh is entitled to immunity based on the allegations in the complaint.

### C. State Actor Requirement under Section 1983

Plaintiff names Jim Cook as a defendant. Defendant Cook works for Premier Cellular Mapping Analytic. (SAC at 2.) As the Court found in the screening order, it appears that Defendant Cook is a private expert retained by the government prosecution.

Section 1983 provides a cause of action for conduct by state actors that violates an individual's constitutional rights. 42 U.S.C. § 1983. An individual acts under color of state law under section 1983 where he has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). This does not require that the defendant be an employee of the state, but he must be "a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state

officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27–28 (1980).

However, non-state actors may be liable under Section 1983 when they have conspired or acted in concert with state actors to deprive a person of his civil rights. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 152 (1970).  To "prove a conspiracy between the police and [the non-state actor] under § 1983, [Plaintiff] must show 'an agreement or meeting of the minds to violate constitutional rights.' " Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir.1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Id.

Private action can be found to meet the state action requirement where the challenged activity "results from the State's exercise of 'coercive power,' when the State provides 'significant encouragement, either overt or covert,' or when a private actor operates as a 'willful participant in joint activity with the State or its agents," or where a private "is controlled by an 'agency of the State,' has been delegated a public function by the State, is 'entwined with governmental policies,' or when government is 'entwined in [its] management or control[.]" Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 296 (2001) (internal citations omitted).

Plaintiff has not alleged that Defendant Cook is a state actor or any other facts by which the Court could infer that Defendant Cook was a member of any alleged conspiracy or that he acted in concert with the state actors. See Steel v. City of San Diego, 726 F. Supp. 2d 1172, 1184 (S.D. Cal. 2010); Krause v. Yavapai Cty., No. CV1908054PCTMTLESW, 2020 WL 1659908, at *7 (D. Ariz. Apr. 3, 2020), order amended on denial of reconsideration, No. CV1908054PCTMTLESW, 2020 WL 2512761 (D. Ariz. May 15, 2020) (no allegations in the complaint to support a conclusion that Government's expert witness was state actor).  There are no allegations that there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself," that Premier Cellular Mapping Analytics is a state agency, that Defendant Cook was "delegated a public function by

the State," that it is "entwined with governmental policies," or that the government is entwined in its "management or control."  Hankins v. Superior Court of California, No. 1:12-CV-01740-LJO, 2014 WL 584311, at *7–8 (E.D. Cal. Feb. 12, 2014) (quoting Brentwood Acad., 531 U.S. at 295.

The second amended complaint fails to state a claim against Defendant Jim Cook under section 1983.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint fails to state a cognizable claim for a violation of his federal rights. Plaintiff was previously provided with the legal standards that apply to his claims and was granted leave to file an amended complaint to cure the deficiencies.  Based on the review of the original and amended complaint, Plaintiff's claims raised in this action challenge his conviction and his conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Since Plaintiff's claims in this action are barred by Heck and he is bringing this action against individuals who are immune or not subject to suit under section 1983, granting further leave to amend would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")  Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that the first amended complaint be dismissed without leave to amend and this action be closed.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **thirty (30) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the

magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **January 4, 2021**

UNITED STATES MAGISTRATE JUDGE

9