UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RIVAS, | No. 1:20-cv-01484-DAD-SAB (PS) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION |
| JIM COOK, et al., | |
| Defendants. | (Doc. No. 13) |

Plaintiff Daniel Rivas is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 4, 2021, the assigned magistrate judge screened plaintiff's first amended complaint ("FAC") and issued findings and recommendations recommending that the FAC be dismissed without further leave to amend being granted. (Doc. No. 13.) The magistrate judge found that plaintiff fails to state a cognizable claim against the two defendants in this action—defendant Walsh (the prosecutor in plaintiff's underling criminal case) and defendant Cook (a private expert witness on cell phones retained by the prosecutor)—because defendant Walsh is entitled to prosecutorial immunity "for actions taken in his official capacity in prosecuting plaintiff," and "plaintiff has not alleged that defendant Cook is a state actor or any other facts by which the court could infer that defendant Cook was a member of any alleged conspiracy or that

1

he acted in concert with the state actors." (*Id.* at 6–7.) In addition, the magistrate judge found that "[t]he gravamen of plaintiff's complaint is that he was convicted based on fabricated evidence" and that police officers allegedly obtained a search warrant to search his property in violation of the Fourth Amendment. (*Id.* at 3, 5.) But, because plaintiff does not also allege in his FAC "that his criminal conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," the magistrate judge found that plaintiff's civil claims as asserted in his FAC are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Therefore, the magistrate judge concluded that "[s]ince plaintiff's claims in this action are barred by *Heck* and he is bringing this action against individuals who are immune or not subject to suit under § 1983, granting further leave to amend would be futile." (*Id.* at 8.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within thirty (30) days after service. (*Id.* at 8–9.) After receiving an extension of time to do so, plaintiff timely filed objections to the pending findings and recommendations on March 1, 2021 (Doc. No. 16.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

In his objections, plaintiff merely reiterates the claims that he asserted in his FAC. (Doc. No. 16.) Plaintiff does not meaningfully object to the magistrate judge's finding that his claims in this action are barred by the decision in *Heck*. Rather, plaintiff states that if he failed to cure the deficiencies identified by the magistrate judge's screening order, which provided him with the relevant legal standards that govern the claims he was attempting to assert, any such failure was due to the lack of access to the prison law library due to the COVID-19 pandemic. (*Id.* at 2–3.) However, the undersigned notes that plaintiff sought and received an extension of time to file his FAC because he was unable at that time to access the law library. (Doc. No. 11.) Instead of seeking an additional extension of time, plaintiff filed his FAC, which included more detailed

2

factual allegations—all of which support the magistrate judge's findings that plaintiff has failed to state a cognizable claim in this action.  Therefore, even if plaintiff were to gain access to the law library, the undersigned agrees with the magistrate judge's findings that plaintiff's FAC fails to state a cognizable § 1983 claim and that granting further leave to amend in this case would be futile because plaintiff's claims challenging his conviction are *Heck*-barred.

Accordingly,

1. The findings and recommendations issued on January 4, 2021 (Doc. No. 13) are adopted in full;
2. This action is dismissed as barred by the decision in *Heck* and due to plaintiff's failure to state a claim; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 8, 2021**

_____
UNITED STATES DISTRICT JUDGE